UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH LeBLANC (#424846) | CIVIL ACTION |
| VERSUS | |
| LOUISIANA STATE PENITENTIARY, ET AL. | NO. 14-0571-BAJ-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 28, 2015.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH LeBLANC (#424846)                                          CIVIL ACTION

VERSUS

LOUISIANA STATE PENITENTIARY, ET AL.                             NO. 14-0571-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss (R. Doc. 9). This motion is not opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against LSP, Warden Troy Poret, Major Robert Wright and Sgt. Willie Jackson,[1] complaining that the defendants violated his constitutional rights on March 19, 2014, by failing to protect him from harm at the hands of a co-inmate on that date.[2]

---

1. Through the filing of the instant Motion to Dismiss, the defendants identified in the plaintiff's Complaint as "Warden Poret," "Major Wright" and "Sgt. W. Jackson" have provided their full and correct names as indicated.

2. Whereas the plaintiff named the Louisiana State Penitentiary as a defendant herein, service has not been effected as to this party. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding. It is appropriate, therefore, that the plaintiff's claims asserted against LSP be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant. In addition, the named defendant is not properly before the Court in any event. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as LSP to sue or be sued is determined by the law of the state in which the district court sits, and the prison is not such an entity. *See Kervin v. City of New Orleans*, 2006 WL 2849861 *4 (E.D. La. Sept. 28, 2006). Moreover, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The Louisiana State Penitentiary is not a person within the meaning of this statute. *See, e.g., Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute). *See also Glenn v. Louisiana*, 2009 WL 382680, *2

In the instant motion, the defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim asserted against them in their official capacities for monetary damages.[3] In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim asserted against the defendants in their official capacity for monetary damages is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id.* at 29.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules

---

(E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff fails to state a claim upon which relief may be granted relative to LSP, and this defendant would be subject to dismissal from this proceeding as a matter of law.

3. It is unclear from the plaintiff's Complaint whether he has named the defendants in their official and/or their individual capacities. The Court, however, interprets the pleadings of *pro se* petitioners liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court will interpret the plaintiff's Complaint as naming the defendants in both capacities.

of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that on March 19, 2014, he was being escorted through the "lobby" of his maximum security cellblock housing unit at LSP by defendant Willie Jackson for the purpose of obtaining a haircut. According to the plaintiff, another inmate was improperly in the vicinity at the same time and managed to free himself from his restraints, whereupon the co-inmate attacked the plaintiff, hitting the plaintiff repeatedly about the head. The plaintiff asserts that the attack resulted from a violation of LSP rules and procedures, which allegedly provide that "at no time are two inmates allowed in the lobby at the same time to get a hair cut." The plaintiff further alleges that defendant Jackson made no attempt to stop the attack before it occurred. In addition, the plaintiff complains that defendant Robert Wright thereafter arrived at the scene and offered to prepare falsified paperwork relative to the incident, notwithstanding that defendant Wright "wasn't there when [the plaintiff] was being beaten." Finally, the plaintiff complains that when he thereafter submitted an administrative grievance to prison officials relative to the above-described incident, defendants Jackson, Wright and Poret repeatedly threatened and harassed him for having done so. In addition, defendant Poret subsequently prepared a written response to the plaintiff's administrative grievance, and although that response "admitted to ... violations and wrong doing," the plaintiff complains that the response merely assured him that the incident would not be repeated and did not result in the defendants being disciplined for their actions.

In response to the plaintiff's allegations, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff has failed to allege facts sufficient to support a "reasonable inference," greater than a "mere possibility," that they have participated in any violation of the plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678-79.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established at the time that the violation occurred. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[4]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' motion is well-taken and should be granted. Specifically, the

---

4. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

Court concludes that the plaintiff has failed to allege facts sufficient to state a viable claim against any defendant regarding the violation of his constitutional rights.

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981). Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In order for there to be liability in connection with this cause of action, however, there must have existed an intent on the part of security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. *Johnston v. Lucas, supra*, 786 F.2d at 1259. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer v. Brennan, supra*, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Applying the foregoing standard, it appears clear that the plaintiff has failed to allege facts sufficient to support failure-to-protect claim. Specifically, whereas he asserts that defendant Jackson violated prison rules by allowing another restrained inmate to be present in the lobby of the cellblock at the same time as the plaintiff, there is no indication whatever that the defendant, by this action, intended to cause the plaintiff harm or was subjectively aware that the plaintiff faced any significant danger. The plaintiff makes no assertion that he and the co-inmate had had any prior conflict or altercation, that the co-inmate was listed on the plaintiff's "enemy list," or

that the co-inmate had previously threatened to cause the plaintiff harm.  Nor does the plaintiff allege that he complained to defendant Jackson, prior to the attack, that the plaintiff was in fear for his safety or believed himself to be in danger at the hands of the co-inmate.  Finally, the plaintiff does not allege that defendant Jackson had any reason to anticipate that the co-inmate, in full restraints, would manage to free himself from those restraints and attack the plaintiff without warning.  Accordingly, there is no basis for finding that defendant Jackson was deliberately indifferent to the plaintiff's safety or well-being on the date in question.  To the contrary, the plaintiff's allegations suggest that defendant Jackson was merely negligent in failing to comply with prison rules regarding the presence of two or more restrained inmates in the same place at the same time.  And as previously noted, mere negligence is not a basis for liability under 42 U.S.C. § 1983.  *Davidson v. Cannon, supra*, 474 U.S. at 347-48.  Moreover, the law is clear that a mere violation of state rules or regulations is not actionable under that statute.  *See Jackson v. Cain*, 864 F.2d 1235, 1353 (5th Cir. 1989).  As a result, the Court finds that the plaintiff has failed to state a claim upon which relief may be granted relative to the conduct of defendant Jackson, and this defendant is entitled to judgment as a matter of law.

In addition to the foregoing, the plaintiff complains that defendant Robert Wright arrived at the scene after it occurred and offered to prepare falsified paperwork relative to the incident, notwithstanding that the defendant was not present when the incident occurred.  This factual assertion, however, does not allege the violation of any constitutional right.  In the first place, the plaintiff does not allege in what manner the ensuing report was falsified by defendant Wright, and the plaintiff in fact concedes that prison officials thereafter acknowledged that "violations and wrong doings" had occurred in connection with the incident.  Further, allegations regarding the mere preparation of a falsified report have not generally been found to be sufficient to

support a cause of action under § 1983. *See Barber v. Quarterman*, 437 Fed. Appx. 302, 304 (5th Cir. 2011) (finding that an inmate's allegations regarding the preparation of a false report "do not state a claim under § 1983" and do not identify a "constitutional violation"); *Ryals v. El Paso County*, 2015 WL 3540951, *10 (W.D. Tex. June 3, 2015) (same). Accordingly, this aspect of the plaintiff's claim should be dismissed as being without legal foundation.

Finally, the plaintiff has asserted a claim regarding alleged misconduct by the defendants after he filed an administrative grievance complaining about the referenced incident. Specifically, the plaintiff complains that the defendants subjected him to threats and harassment in response to the grievance, threatening that they would "make [the plaintiff] pay" if he sought medical attention and that they would "have [the plaintiff] stump by security" if he did not withdraw the grievance. The law is clear, however, that allegations regarding mere threats and verbal abuse, without more, do not present claims under § 1983, specifically because "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). *See also Burnette v. Phelps*, 621 F. Supp. 1157, 1162 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). Further, the plaintiff acknowledges that he did in fact receive medical attention for the injuries he allegedly sustained in the attack by the co-inmate and that his administrative grievance was in fact addressed, investigated, and ultimately resolved without further incident and without his being "stump by security." Finally, although the plaintiff apparently disagrees with the result reached in connection with his administrative grievance, which allegedly concluded with a finding of fault in connection with the incident but did not result in disciplinary action taken against the defendants, the law is clear that an inmate does not have a cognizable claim in this Court relative to any particular result in connection with his

administrative claims. Specifically, the plaintiff does not have a constitutional right to have his administrative claims investigated, handled, or favorably resolved, *Mahogany v. Miller*, 252 Fed. Appx. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. See *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Accordingly, the plaintiff's claim in this regard should also be dismissed.[5]

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having considered the allegations of the plaintiff's Complaint and having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims and that the plaintiff's claim asserted against the Louisiana State Penitentiary be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Fed. R. Civ. P. 4(m). It is further recommended that

---

5. In fact, the plaintiff's administrative record, a certified copy of which has been filed in the record by the defendants, reflects that defendant Jackson "was reprimanded and received a disciplinary report for his actions." *See* R. Doc. 11-1 at p. 3.

the Motion to Dismiss of the remaining defendants (R. Doc. 9) be granted, dismissing the plaintiff's claims asserted herein, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 28, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**